*November 17.
The PRESIDENT
delivered his opinion.
The Record exhibits a case, in which it appears that there were several irregularities in the proceedings, all of which I think are cured, no advantage having been taken of them in the pleadings. The suit was instituted by Thomas Atkinson, as surviving Justice of Dinwiddie County, at the relation of Mary W. Lanier, against her Guardian, William Wills, and his surety, John Hamlin, on the Guardian’s Bond, taken to the Justices of Dinwiddie County, in the usual form. The Writ was returned executed on Wills, and Hamlin not found. At the subsequent Rules, an Alias was sued out against Hamlin, and returned executed; and thereupon a Declaration was •filed against both on the Guardian’s Bond, of which profert is made, and breaches of the condition assigned, which are set out in the Declaration. Afterwards, a conditional order is entered against Wills, and is subsequently confirmed against him, he having been arrested, and not appearing. At a subsequent rule-day, and after a continuance of the cause as to Wills, by Law, there being no Court held in the month of October, 1823, a conditional Judgment is entered against Hamlin, also, and at another day at Rules confirmed against him, and a Writ of Enquiry awarded, as in the case of Wills. At a subsequent Term, the suit is entered abated by the death of the De- ’ fendaut, without saying which. At the next Term the cause is continued for revival until the next Term. Then dropping the suit against Wills, as it would seem from the after-proceedings, at the next Term a Writ of Sci. Pa. is sued out against the Defendant, as Administrator of Hamlin, reciting that action to have been against him as co-obligor of Wills, the Guardian: the Sci. Pa. is returned, “came too late to hand to execute,” and the suit is again continued, without noticing what suit, but it must be presumed the suit on the Sci. Pa., until the next Term, and then an Alias Scire Pacias is sued out, and being executed, as appears by the *return of it, and the Defendant failing to appear at Rules and plead, an Office-Judgment is entered against him, and a Writ of Enquiry awarded. At another Term the suit is continued till the next Term, when the Defendant by his Attorney, pleaded to the Declaration, “conditions performed,” to which the Plaintiff replied generally, and it was ordered that the Judgment in the Office be set aside, were-upon came a Jury, who found a general verdict for the Plaintiff, for the debt in the Declaration, to be discharged by the payment of $267, with interest, and Judgment was entered accordingly.
The Scire Pacias sued out against the Defendant, was in the nature of an action against him, which may be released by that name, (Litt. 505; Co. Lift. 290;) and might have been demurred to. Having failed to demur, or to plead any variance between it and the proceedings on which it issued, (Paradise’s Adm’rs v. Cole & Henderson, 6 Munf. 218,) it must now be understood that Wills died first, and that the action survived against Hamlin, the intestate of the defendant, and upon his. death, (after the death of Wills, the principal,) was properly revived bv the Scire Pacias against the Defendant, as Administrator of Hamlin.
The errors insisted on in-the Bill of Exceptions, are of a different character. The first, is to the admission of the testimony of Robert Lanier, who gave evidence that he, as the Administrator of his mother, had paid to William Wills, the Guardian of Mary Lanier, the sum of about $300, at different times in the years 1808-’9 and ’10, it being the amount to which she was entitled from the decedent’s estate; that he took the said Will’s receipts for the sums so paid; that on the evening before the witness gave evidence, he was requested by the Plaintiff’s Counsel to bring the said receipts, but not recollecting where he put them, and thinking it probable he could not find them, he had made no examination for them. Not now deciding whether, if the witness had spoken positively, and with certainty as to the dates and amount of the payments made, *his evidence, if believed by the Jury, would have been equivalent to the receipts themselves, as being of equal degree, the Court is of opinion, that as he could not so speak, his testimony ought not to have been received in the absence of the receipts, unless it had appeared that they were lost, or out of the power of the Plaintiff, which is negatived by the statement of .the witness, that he was requested by the Plaintiff’s Counsel to bring them, &c. It was error, therefore, to permit this evidence to go to the Jury.
The second objection is to the Court’s refusing to instruct the Jury, that the acceptance by Mary Lanier, the Ward, after she had attained full age, of a Bond from the Guardian individually, for the sum of $373, the balance due on a settlement, and on which partial payments had been made, was a discharge of the security on the Guardian’s Bond. A Bond to perform that for which the party was before bound by another Bond, is no discharge of the latter, for accord, it is said, does not mend the matter; 1 Bac. Abr. 43; but, if it could *803 have been available in this case, it ought to have been pleaded. 2 Starkie, p. 26 and 27. It was not matter of evidence on the plea of conditions performed in bar of the specialty on which the suit was brought, though it was prima facie evidence of the amount due by the Guardian, liable to be •repelled by evidence on the part of the security. If it could have been pleaded, the proof should have been full, that it was given and received in full satisfaction, as to which there was no evidence. There was no error, therefore, in refusing the Instruction asked for by the Defendant. But, for the error in permitting parol evidence to go to the Jury in the absence of the receipts, the Judgment is to be reversed, the cause remanded for further proceedings, the verdict to be set aside, and a new trial awarded, on which the parol evidence is not to be admitted in the absence of the receipts, unless it shall appear that they are lost, or out of the power of the Plaintiff.
The other Judges, all being present, concurred.